IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re Subpoena to Pratt & Whitney Power Systems Overseas, Ltd.* | USDC District of Connecticut<br>Case No. _____ |
| KALITTA AIR, L.L.C., and CERTAIN INTERESTED UNDERWRITERS AND COMPANIES, as subrogee of KALITTA AIR, L.L.C.,<br>            Plaintiffs,<br>v.<br>UNITED AIR LINES, INC.,<br>     Defendant.<br>_____/ | Hon. _____<br><br>USDC Eastern District of Michigan<br>Case No. 07-CV-14454<br>Hon. John Feikens |

| | |
|---|---|
| KELSEY LAW GROUP, P.C.<br>By: George W. Kelsey<br>Karen Girard<br>Attorneys for Plaintiffs<br>2395 S. Huron Parkway, Suite 200<br>Ann Arbor, MI 48014-5129<br>(734) 973-1222<br>gkelsey@kelseylaw.com<br><br>KAPLAN, VON OLEN, & MASSAMILLO, LLC<br>By: Larry S. Kaplan<br>Attorneys for Pratt & Whitney Power Systems Overseas, Ltd./objecting party<br>120 N. LaSalle Street, 24th Floor<br>Chicago, IL 60602<br>(312) 345-3035<br>lkaplan@kvolaw.com | LAW OFFICES OF WILLIAM J. MELLEY<br>By:    William J. Melley<br>Attorneys for United Air Lines, Inc.<br>250 Hudson Street<br>Hartford, CT 06106<br>(860) 247-9933<br>wjmelley@wjmelley.com<br><br>JAFFE RAITT HEUER & WEISS, P.C.<br>By: Scott R. Torpey (*pro hac* pending)<br>William D. Adams (*pro hac* pending)<br>Attorneys for Defendant/moving party<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>(248) 351-3000<br>storpey@jaffelaw.com |

_____/

## UNITED AIR LINES, INC.'S EMERGENCY MOTION TO COMPEL THIRD-PARTY PRATT & WHITNEY POWER SYSTEMS OVERSEAS, LTD., TO COMPLY WITH SUBPOENA

## ORAL ARGUMENT REQUESTED

1599828

Now comes United Air Lines, Inc., ("United"), by and through its counsel, Jaffe Raitt Heuer & Weiss, P.C., and moves this Court under Fed. R. Civ. P. 45(c) for an order compelling the compliance of third-party Pratt & Whitney Power Systems Overseas, Ltd., ("Pratt & Whitney") with United's August 4, 2008, subpoena to produce documents that are relevant to the above-captioned litigation. (**Exhibit 1**: Subpoena.)

1. The subpoena to Pratt & Whitney (**Exhibit 1**) was issued out of the United States District Court, District of Connecticut, in connection with the underlying litigation before the United States District Court, Eastern District of Michigan. United sets forth the reasons supporting its request for this Court's action in the written memorandum of law supporting this motion, filed in compliance with D. Conn. L. Civ. R. 7.

2. Under D. Conn. L. Civ. R. 7 (a)(3), United has identified this motion as one requesting emergency relief and an expedited briefing and hearing schedule, as well as expedited consideration. The United States District Court, Eastern District of Michigan, has set a December 31, 2008, discovery cut-off date in this litigation involving highly complex technical issues of causation. (**Exhibit 2**: Scheduling order.) Depositions of Kalitta's witnesses are presently scheduled for October 13, 14, 27, and 28, 2008. (**Exhibit 3**: Deposition notices.) To properly prepare for this facet of discovery and conduct full discovery in this matter in general, it is necessary for United's attorneys to review Pratt & Whitney's documents before these depositions.

WHEREFORE, United requests that this Court set an abbreviated briefing and hearing schedule on this motion, decide this motion as soon as possible before the October deposition dates, and grant its motion to compel third-party Pratt & Whitney's compliance with United August 4, 2008, subpoena.

1599828

Respectfully submitted,

s/William D. Adams
Jaffe Raitt Heuer & Weiss, P.C.
Attorneys for Defendant
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:wadams@jaffelaw.com
*Pro hac pending*

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

*By Federal Express*
George W. Kelsey
Karen Girard
2395 S. Huron Parkway, Suite 200
Ann Arbor, MI 48014-5129

*By Federal Express*
William J. Melley
Law Offices of William J. Melley
250 Hudson Street
Hartford, CT 06106

Dated: September 19, 2008

s/William D. Adams *(Pro Hac Pending)*
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:wada,s@jaffelaw.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re Subpoena to Pratt & Whitney Power Systems Overseas, Ltd.* | USDC District of Connecticut<br>Case No. _____ |
| KALITTA AIR, L.L.C., and CERTAIN INTERESTED UNDERWRITERS AND COMPANIES, as subrogree of KALITTA AIR, L.L.C.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>    Defendant.<br>_____/ | Hon. _____<br><br>USDC Eastern District of Michigan<br>Case No. 07-CV-14454<br>Hon. John Feikens |

| | |
|---|---|
| KELSEY LAW GROUP, P.C.<br>By:  George W. Kelsey<br>Matthew T. Coleman<br>Attorneys for plaintiffs<br>2395 S. Huron Parkway, Suite 200<br>Ann Arbor, MI 48014-5129<br>(734) 973-1222<br>gkelsey@kelseylaw.com<br><br>KAPLAN, VON OLEN, & MASSAMILLO, LLC<br>By:  Larry S. Kaplan<br>Attorneys for Pratt & Whitney Power Systems Overseas, Ltd./objecting party<br>120 N. LaSalle Street, 24th Floor<br>Chicago, IL 60602<br>(312) 345-3000<br>lkaplan@kvolaw.com<br>_____/ | LAW OFFICES OF WILLIAM J. MELLEY<br>By:     William J. Melley<br>Attorneys for United Air Lines, Inc.<br>250 Hudson Street<br>Hartford, CT 06106<br>(860) 247-9933<br>wjmelley@wjmelley.com<br><br>JAFFE RAITT HEUER & WEISS, P.C.<br>By: Scott R. Torpey (*pro hac* pending)<br>William D. Adams (*pro hac* pending)<br>Attorneys for defendant/moving party<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>(248) 351-3000<br>storpey@jaffelaw.com |

**<u>BRIEF IN SUPPORT OF UNITED AIR LINES, INC.'S EMERGENCY MOTION TO COMPEL THIRD-PARTY PRATT & WHITNEY POWER SYSTEMS OVERSEAS, LTD., TO COMPLY WITH SUBPOENA</u>**

**<u>ORAL ARGUMENT REQUESTED</u>**

1599828

-i-

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

STATEMENT OF ISSUE PRESENTED ................................................................................ iii

I.  STATEMENT OF FACTS ................................................................................................1

    A.  The Allegations against United ..................................................................................1

    B.  Pratt & Whitney's Involvement in the Investigation of the Engine
        Separation Incident .....................................................................................................1

    C.  United's Subpoena to Pratt & Whitney .......................................................................3

    D.  Pratt & Whitney's Blanket Objections to United's Subpoena ....................................5

II. ARGUMENT: THIS COURT SHOULD GRANT UNITED'S MOTION TO
    COMPEL............................................................................................................................7

    A.  Pratt & Whitney Has Waived Its Objections to United's Subpoena ...........................7

    B.  United's Subpoena Is Not Unduly Burdensome .........................................................8

III. CONCLUSION AND RELIEF REQUESTED...............................................................11

# TABLE OF AUTHORITIES

**Cases**

*American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132 (S.D. Ohio 1999 .................... 8

*Angell v. Shawmut Bank Connecticut Nat'l Assoc.*, 153 F.R.D. 585 (M.D. N.C. 1994) .............. 8

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D. N.Y. 1996) ................................ 8

*Graham v. Teledyne-Continental Motors*, 805 F.2d 1386 (9th Cir. 1986) ................................. 10

*Irons v. Karceski*, 74 F.3d 1262 (D.C. Cir. 1995) ........................................................................ 8

*Jewish War Vets. of the USA v. Gates*, 506 F. Supp. 2d 30 (D.C. 2007) ..................................... 9

*Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525 (D. Del. 2002) .......... 8

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ........................................................... 9

**Rules**

D. Conn. L. Civ. R. 7 .............................................................................................................. 2, 11

D. Conn. L. Civ. R. 7(a)(3) ..................................................................................................... 2, 11

Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 9

Fed. R. Civ. P. 26(c) ..................................................................................................................... 8

Fed. R. Civ. P. 45(b)(2)(B)(i) ...................................................................................................... iii

Fed. R. Civ. P. 45(c) ............................................................................................................. 1, 7, 8

Fed. R. Civ. P. 45(c)(2)(B) ........................................................................................................... 7

Fed. R. Civ. P. 45(d)(1)(D) ......................................................................................................... 11

**Treatises**

9 MOORE'S FEDERAL PRACTICE § 45.51[4] ......................................................................... 9, 11

9 MOORE'S FEDERAL PRACTICE § 45.61[1] ............................................................................ 10

9 MOORE'S FEDERAL PRACTICE 45.03[1] ................................................................................ 9

**Regulations**

49 C.F.R. § 831.11(a)(1) ............................................................................................................. 10

1599828

## **STATEMENT OF ISSUE PRESENTED**

Whether this Court should grant United's Fed. R. Civ. P. 45(b)(2)(B)(i) motion to compel compliance with United's subpoena to Pratt & Whitney for production of documents that are relevant to the subject matter of this litigation and in Pratt & Whitney's possession and control?

United answers:   Yes.

I.   **STATEMENT OF FACTS**

  A.   **The Allegations against United**

Plaintiffs, Kalitta Air, L.L.C., and its insurance underwriter subrogees (collectively, "Kalitta"), filed this lawsuit against United Air Lines, Inc., ("United") for negligence, gross negligence, negligent misrepresentation, and breach of implied warranty. (**Exhibit 4**: First Amended Complaint.) This case arises out of an alleged October 20, 2004, incident during which a Pratt & Whitney airplane engine separated from Kalitta's aircraft after take-off, purportedly resulting in a total loss of the engine and damage to the aircraft. The remote connection United is alleged to have had with the incident is that the engine contained a used component known as HPT Module C009006 (the "Module"), which United allegedly overhauled in 1996 on behalf of Polar Air Cargo Worldwide, Inc., ("Polar Air Cargo"). At the time of United's alleged involvement with the Module, the Module was part of an entirely different aircraft engine that was installed on an aircraft that Polar Air Cargo leased from General Electric Commercial Aviation Services ("GECAS"). Kalitta came to own the Module in 2003, after Kalitta purchased the engine in which it was formerly installed from Tradewinds Engine Services, L.L.C., which in turn had purchased the engine from AeroTurbine, which had purchased the engine from GECAS after Polar Air Cargo no longer leased the engine. (*See generally* **Exhibit 5**: NTSB Factual Report.)

  B.   **Pratt & Whitney's Involvement in the Investigation of the Engine Separation Incident**

Because the engine that separated from plaintiff's aircraft was a Pratt & Whitney JT9D-7A engine, Pratt & Whitney participated extensively in the investigation of the cause of the engine separation. At this juncture, it is well-known that Pratt & Whitney investigated metallurgical and other aspects of the engine separation event and drafted a "Pratt & Whitney Summary of Metallurgical Investigation Report" (**Exhibit 6**: the "Metallurgical Report") that is

expressly cited in the NTSB Factual Report concerning the event. Pratt & Whitney also prepared a Powerpoint Presentation concerning the process of its investigation and its conclusions, which Pratt & Whitney also presented to the NTSB for its consideration during the NTSB investigation of the engine separation event (**Exhibit 7**: the "Powerpoint Presentation").

Based in large part on Pratt & Whitney's findings stated in the Report and the Powerpoint Presentation, which in turn are incorporated in the NTSB Report, Kalitta alleges that United's purported use of "an improper silver based anti-gallant" during its 1996 overhaul of the Pratt & Whitney engine was a significant cause of the separation event. (*See* **Exhibit 4**, ¶¶ 26, 29.) In sum, Kalitta has cited Pratt & Whitney's investigative conclusions as a primary basis of its theory of liability against United, alleging in particular Pratt & Whitney's conclusions that, in addition to using an improper anti-gallant during its 1996 overhaul of the Pratt & Whitney engine, United allegedly failed to properly apply lock wire to certain retaining bolts in violation of Pratt & Whitney engine manual requirements and allegedly incorporated used retaining bolts in its repairs, instead of new ones. (*See* **Exhibit 4**, ¶¶ 26-29.)

Kalitta's responses to United's discovery requests have only further clarified that much of Kalitta's case against United rests on the as yet untested and unconfirmed results of Pratt & Whitney's investigation of the circumstances of the engine separation event. Kalitta has identified evidence derived from and available from Pratt & Whitney as the following:

- In response to United's request that Kalitta identify "evidence of any nature whatsoever which Plaintiff contends may or does support Plaintiff's claim for negligence against United," Kalitta identified "the results of any samples or analysis undertaken by . . . Pratt & Whitney . . . regarding the cause of the engine separation" (**Exhibit 8**: Plaintiff Kalitta Air L.L.C.'s Amended Responses to United's First Request to Admit and Companion Interrogatory," pg. 6);

2

1599828

- In response to United's request that Kalitta identify witnesses who may testify regarding the cause of the engine separation, Kalitta has named at least five Pratt & Whitney accident/incident investigators "with knowledge of and/or involvement in the NTSB investigation into the cause of the engine separation, including any analyses of engine materials or other items, presentations, and/or written materials submitted by Pratt & Whitney as part of the NTSB investigation or otherwise," as well as other Pratt & Whitney current or former employees "with knowledge of Pratt & Whitney JT9D-7A engines and/or with knowledge of repair, maintenance or other work recommended and/or required by Pratt & Whitney to its JT9D-7A engines, including historical records pertaining to repair or maintenance or other work on such engines" (**Exhibit 8**, pg. 7); and

- As alleged support for its claims against United, Kalitta has identified Pratt & Whitney engine manuals, Pratt & Whitney's Metallurgical Report, and "Pratt & Whitney Presentation to NTSB regarding assessment of contributing factors to the event," or the "Powerpoint Presentation," which Kalitta produced as Bates Nos. 005594-005609 (**Exhibit 8**, pg. 9; **Exhibit 7**.)

C.  **United's Subpoena to Pratt & Whitney**

According to the scheduling order entered in the underlying litigation in the United States District Court, Eastern District of Michigan, the parties are to complete discovery in this complex litigation involving highly technical causation issues by December 31, 2008. (**Exhibit 2**) United has diligently attempted to move discovery forward as quickly as possible within the parameters of the discovery period the Court has allotted. More than one month ago, on August 4, 2008, United served by hand-delivery a subpoena on Pratt & Whitney, seeking the August 18, 2004, production of certain relevant documents, including but not limited to:

3

1599828

all of Pratt & Whitney's investigative files concerning the engine separation incident; a complete copy of the Metallurgical Report expressly cited in the NTSB Report, including all color photos and attachments to the Metallurgical Report; all drafts of the Metallurgical Report prior to January 27, 2006, and supplements and/or additions to the report after January 27, 2006; any and all notes, test reports, and or other materials generated and/or consulted for the Metallurgical Report; and any and all documents sent between Pratt & Whitney and the FAA, the NTSB, Kalitta, United, Air Canada, and/or Polar Air Cargo.  (**Exhibit 1.**)[1]

In light of Pratt & Whitney's close involvement in the NTSB investigation of the engine separation incident and Kalitta's stated intent to rely heavily on the results of Pratt & Whitney's testing and analyses, the relevance of the material United seeks in its subpoena to Pratt & Whitney is patent.  Pratt & Whitney's investigative materials will reveal the theories Pratt & Whitney, as well as the NTSB, explored in reaching a decision on the causation issue. Pratt & Whitney's documents may show the existence of alternate theories of causation and reveal the testing information by which these other possible causes were eliminated or perhaps even ignored in formulating a theory of causation that would exclude Pratt & Whitney's own engine design as a possible source of damage.  Information and documents exchanged between Pratt & Whitney and the other corporate entities that had possession of the engine at issue (Air Canada, Polar Air Cargo, and Kalitta) could reveal modifications or other changes to the engine that may have impacted its airworthiness.  Finally, documents and other information exchanged between Pratt & Whitney and the FAA and NTSB undoubtedly will shed further light on the

---

[1] Plaintiff Kalitta served a similar subpoena on Pratt & Whitney, to which Pratt & Whitney has also objected.  It is anticipated that Kalitta will concur in United's motion to compel Pratt & Whitney to produce documents responsive to the subpoena.

4

investigative process. All of this is very likely to yield information and evidence crucial to United's defense.

### D. Pratt & Whitney's Blanket Objections to United's Subpoena

Pratt & Whitney received United's subpoena on August 7, 2008. The subpoena provided a response date of August 18, 2008. Pratt & Whitney thereafter requested and received an extension from United's counsel allowing Pratt & Whitney until **August 28, 2008**, "to make any objections to the documents and records covered by the subpoena." The parties agreed "that Pratt would have until **September 12, 2008** to produce any records or documents covered by the subpoena and to which Pratt does not object." (**Exhibit 9**: Confirming email exchange (emphasis added).) To assuage any concern involving the sensitivity or confidentiality of documents, United stated its amenability to executing a "protective order if need be so that will not be a road block to production." (**Exhibit 9**.)

On **August 29, 2008**, Pratt & Whitney mailed its untimely objections to United's subpoena. (**Exhibit 10**: Untimely objections.) Counsel for United did not receive the objections until September 2, 2008. Pratt & Whitney objected to United's subpoena on the following bases:

- Pratt & Whitney stated that "Pratt & Whitney Power Systems Overseas, Ltd.," the entity to whom United directed its subpoena, "is not a properly named entity that may be in possession of responsive documents." Pratt & Whitney gave no information concerning the identity of the entity that is in possession of the documents United seeks. As is clear from Pratt & Whitney's objections, however, Pratt & Whitney is well aware of the identity of the entity that holds responsive documents, as it has been able to discover a "substantial number" of custodians of responsive documents.

5

1599828

- Despite having been afforded nearly one additional month in which to review and produce responsive documents, Pratt & Whitney notified United for the first time on August 28, 2008, that it would not have enough time to produce all documents requested, including electronic recordings of information of any kind, by September 12, 2008. Pratt & Whitney estimated "many hundreds of man hours will be taken up in" the process of identifying responsive documents and indicated that the September 12, 2008, deadline did not allow it enough time to identify and gather all responsive documents. Pratt & Whitney also indicated that the September 12, 2008, deadline did not provide enough time for its counsel to review documents to determine whether they contained material protected by a privilege or proprietary information.

- Pratt & Whitney stated that the process of identifying responsive documents "will be unduly burdensome . . . regardless of the date by which responsive documents could be produced" and objected on that basis.

- Pratt & Whitney also stated that United had not "made any showing why it is necessary . . . to have copies of any documents consulted by [Pratt & Whitney] for the preparation of" the Metallurgical Report and had also failed to show that it was necessary for Pratt & Whitney to produce all email traffic within Pratt & Whitney relating to the Metallurgical Report.

- Pratt & Whitney also objected that documents it exchanged with United and/or Kalitta should already be in United's possession.

- Finally, Pratt & Whitney stated that United had failed to show "why documents sent between [Pratt & Whitney] and Air Canada and [Pratt & Whitney] and Polar Air Cargo regarding this incident would be relevant or necessary to . . . United." **(Exhibit 10.)**

6

Noting that Pratt & Whitney had waived its objections to its subpoena by failing to serve its objections in compliance with Fed. R. Civ. P. 45(c) and/or the parties' agreement to permit Pratt & Whitney to make any objections by August 28, 2008, and noting also that the general tenor of Pratt & Whitney's untimely objections suggested that at least some, responsive documents would be forthcoming, United waited patiently for the September 12, 2008, production date to determine the scope of Pratt & Whitney's compliance with its subpoena. On September 15, 2008, with no further response in hand, United's counsel emailed Pratt & Whitney's counsel to ask whether Pratt & Whitney would produce any of the requested information. The response was terse: "Pratt is objecting to the balance of United's . . . subpoena for the reasons stated in the [untimely] letter." (**Exhibit 11**: Email exchange.)

## II.   ARGUMENT: THIS COURT SHOULD GRANT UNITED'S MOTION TO COMPEL

### A.   Pratt & Whitney Has Waived Its Objections to United's Subpoena

Fed. R. Civ. P. 45(c) permits "a person commanded to produce documents or tangible things or to permit inspection" to "serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any of all of the materials . . . or to producing electronically stored information in the form or forms requested" by serving its written objection(s) on the requesting party "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Pratt & Whitney failed to timely object within the time period allowed in Fed. R. Civ. P. 45(c)(2)(B) and, instead, obtained United's permission to object by August 28, 2008. (**Exhibit 9**.) Counsel for United also offered to enter into a protective order to address any issues of confidentiality that Pratt & Whitney's responsive documents might implicate. (**Exhibit 9**.)

Instead of acting within the time period specified in the court rules or in compliance with the terms of United's generous extension of time, Pratt & Whitney tardily informed

7

1599828

United of its objections to United's subpoena by sending its objections to United's attorney on August 29, 2008. United's attorney did not receive them until September 2, 2008. (**Exhibit 10**.) The failure to serve written objections to a subpoena in a timely fashion constitutes waiver of such objections. *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D. N.Y. 1996); *Angell v. Shawmut Bank Connecticut Nat'l Assoc.*, 153 F.R.D. 585, 590 (M.D. N.C. 1994)). On this basis alone, this Court can reject Pratt & Whitney's objections and require it to fully comply with United's subpoena for production of documents.

### B.   United's Subpoena Is Not Unduly Burdensome

Fed. R. Civ. P. 45(c)(1) requires that a party issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Generally, the provisions of Fed. R. Civ. P. 45(c) aimed at protecting third-parties subject to subpoenas track the provisions of Fed. R. Civ. P. 26(c), which provides for the issuance of protective orders. Thus, when assessing a non-party's assertion of undue burden in seeking protection from a subpoena, a court should engage in an analysis similar to that under Fed. R. Civ. P. 26(c) and balance competing factors such as (1) relevance, (2) need, (3) confidentiality, and (4) harm. *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002). Pratt & Whitney bears the "heavy burden" of justifying its request for protection from United's subpoena. *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995). A mere allegation of "burden," standing alone, does not satisfy this "heavy burden." Instead, "[a] party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." 9 MOORE'S FEDERAL PRACTICE § 45.51[4].

8

1599828

Pratt & Whitney will find it impossible to justify its refusal to comply with United's subpoena on the basis of unspecified "undue burden." The information and documents United seeks meet the broad standard of relevance set forth under the federal rules because they are reasonably calculated to lead to the discovery of admissible evidence. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978) (explaining scope of "relevance" as used in Fed. R. Civ. P. 26(b)(1)). In a situation like the one at hand, where a court that is unfamiliar with the underlying litigation is called upon to resolve a discovery dispute, any doubts regarding relevancy should be resolved in favor of permissive discovery:

> Because subpoenas are frequently issued by a court other than the one in which the action is pending, a court whose only connection to the action is the issuance of the subpoena will sometimes be called on to resolve a discovery dispute  In regard to a relevancy objection, the general policy favoring broad discovery is particularly applicable when the court making the relevance determination has jurisdiction only over the discovery dispute and, hence, less familiarity with the intricacies of the governing substantive law than does the court overseeing the underlying litigation. In such circumstances, the court should resolve the matter in favor of "permissive discovery."

9 MOORE'S FEDERAL PRACTICE 45.03[1] (citing *Jewish War Vets. of the USA v. Gates*, 506 F. Supp. 2d 30, 42 (D.C. 2007)).

Based on the NTSB's own substantial reliance on Pratt & Whitney's investigation of the engine separation event at issue in this litigation, all documentary evidence in Pratt & Whitney's possession concerning the alleged cause of the event is relevant to United's defense. Indeed, without reviewing Pratt & Whitney's documents, United has no way to fully explore the theories of engine malfunction that the NTSB explored in reaching the causation conclusions upon which Kalitta relies in its lawsuit against United. As a participant in the NTSB investigation, Pratt & Whitney was specially designated to do so by the NTSB investigator-in-charge under 49 C.F.R. § 831.11(a)(1) because (1) Pratt & Whitney's own product was involved in the incident and (2) Pratt & Whitney was able to provide suitable

9

qualified personnel to actively assist in the investigation. Pratt & Whitney's entire investigative file and all of the documents United has requested are relevant and, indeed, crucial to United's effort to defend itself against liability in this matter. United has no other way to obtain documents held solely by Pratt & Whitney without Pratt & Whitney's cooperation. Thus, relevance and need factors clearly favor United.

Pratt & Whitney cannot justify its refusal to comply with United's subpoena on the basis of confidentiality and/or harm. Information generated in Pratt & Whitney's investigation of the engine separation event in relation to the NTSB's investigation was not collected primarily to determine civil liability or adjudicate the rights of private parties, but instead "'to promote transportation safety by conducting independent accident investigations and by formulating safety improvement recommendations.'" *Graham v. Teledyne-Continental Motors*, 805 F.2d 1386, 1389 (9th Cir. 1986). The marked public safety component in Pratt & Whitney's participation in the NTSB investigation starkly conflicts with the confidentiality issues to which Pratt & Whitney has merely alluded in its objections to United's subpoena. Moreover, while Pratt & Whitney has also generally hinted at possible "privileged" information being contained in the documents United seeks by way of its subpoena, "[a] witness who withholds materials in response to a subpoena on the ground that the materials are privileged or work product must expressly assert that claim, and must describe the withheld materials in a manner that, although not revealing the protected information, enables the parties and the court to assess the validity of the claim." 9 MOORE'S FEDERAL PRACTICE § 45.61[1].

Finally, Pratt & Whitney has not identified any actual harm that will befall it if it is required to respond to United's subpoena, other than unspecified expense and work hours that may be necessary compile electronic documents. Under the court rules, Pratt & Whitney bears the burden of establishing that electronically stored information "is not reasonably accessible

10

because of undue burden or cost." Fed. R. Civ. P. 45(d)(1)(D). It must make this showing with an affidavit or other evidentiary proof. 9 MOORE'S FEDERAL PRACTICE § 45.51[4]. It is unlikely a sophisticated business entity like Pratt & Whitney will find it difficult or burdensomely expensive to locate and produce the documents, including electronically stored documents, United has requested that it produce, especially because Pratt & Whitney remains under NTSB's jurisdiction and could conceivably be called upon to produce this very same information to that governmental entity in light of its participation in the NTSB's investigation of the engine separation event. Because of this, the information United seeks is undoubtedly at Pratt & Whitney's fingertips and its own unwillingness to reveal information that could possibly impugn its own product is the only thing that stands in the way of production.

### III. CONCLUSION AND RELIEF REQUESTED

In light of the foregoing, United requests that this Court issue an order compelling Pratt & Whitney's full and complete compliance with United's August 4, 2008, subpoena. Alternatively (and at a minimum), this Court should permit United to inspect Pratt & Whitney's complete investigatory file at the Pratt & Whitney facility where it is located, select those items of which it seeks copies, and thereafter be permitted to obtain copies of the selected items.

Finally, United has requested an expedited hearing in this matter under D. Conn. L. Civ. R. 7(a)(3) because time is of the essence. The December 31, 2008, discovery cut-off date is fast approaching in this litigation involving complex technical issues of causation. **(Exhibit 2.)** Depositions of Kalitta's witnesses are presently scheduled for October 13, 14, 27, and 28, 2008. **(Exhibit 3.)** To properly prepare for this facet of discovery, it is necessary for United's attorneys to review Pratt & Whitney's documents before these depositions. Therefore, United requests that this Court hold a hearing on and decide this motion as soon as possible.

11

Respectfully submitted,

s/William D. Adams
Jaffe Raitt Heuer & Weiss
Attorneys for United
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:wdadams@jaffelaw.com
*Pro hac* pending

12